UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FILED

2007 NOV -9 AM 9: 17

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS, FLORIDA

AARON K. MARSH,

            Plaintiff,

vs.                    Case No. 2:07-cv-524-FtM-34DNF

FLORIDA DEPARTMENT OF CORRECTIONS,
FLORIDA DEPARTMENT OF CHILDREN AND
FAMILIES, LIBERTY BEHAVIORAL HEALTH
CARE, INC., RICK HARRY, CHARLES
NORMAN, STEPHEN A. MARANVILLE, FNU
SPURLIN, FNU RUBLE, MS. DENNIS, FNU
FLORES, DARBY ELLIS, FNU SUMMERSETT,
FNU RAMSEY, MR. THOMAS, FNU
FITZPATRICK, SHARON L. PIMPLY-FONG,
GEO GROUP-FLORIDA ATLANTIC SHORES
CORPORATION, TIMOTHY L. BUDZ, CHUCK
LISTER, FNU RICKETE, GEORGE
EMANOILIDS, K.B. HAASE, JEFF RONE,
RICHARD GRANTHAM, B. ALLEN, JILL
BRANCH, FNU BULLARD, JEANNETTE NUNN,
FNU DILLARD,

            Defendants.
_____

### ORDER OF DISMISSAL[1]

This matter comes before the Court upon review Plaintiff's Complaint (Doc. #1, Complaint) and motion to proceed *in forma pauperis* (Doc. #5).

Plaintiff, who is proceeding *pro se* and currently a detainee at the Florida Civil Commitment Center, filed a § 1983 Complaint (Doc. #1, Complaint) on August 20, 2007. The facts set forth in

---

[1]This is a "written opinion" under § 205(a)(5) of the E-Government Act and therefore is available electronically. However, it has been entered only to decide the matters addressed herein and is not intended for official publication or to serve as precedent.

the Complaint range in date from an unspecified month in 2001 thru July 2007. See generally Complaint. In pertinent part, Plaintiff alleges that Defendants violated his constitutional rights when, pursuant to an FCCC policy, they told him he was not allowed to practice certain martial arts techniques. Id. Plaintiff maintains that these martial arts techniques are related to the practice of his religion, Zen Buddhism. Id. Additionally, Plaintiff states the Defendants threatened to write an incident report if he continued to practice marital arts. Id.

The Court takes judicial notice of an identical action Plaintiff filed with this Court on September 22, 2006. See Case No. 2:06-cv-125-FtM-33SPC (hereinafter "initial action").[2] Both Complaints name identical Defendants, except the Complaint *sub judice* names three additional Defendants: Ms. Bullard, Security Staff; Jeannette Nunn, vocation/education specialist; Ms. Dillard, Clinical. Complaint at 1, 2-3. In the initial action, Plaintiff similarly alleged a violation of his constitutional rights stemming from the Defendants' prohibition of his martial arts practice. See generally Complaint (Doc. #1), Amended Complaint (Doc. #26) at ¶¶ 1-19, Order of Partial Dismissal and Order Directing Plaintiff to Complete Service Forms for Remaining Defendants (Doc. #28). The Complaint *sub judice*, however, includes facts that allegedly occurred in March 2007 thru July 2007, after Plaintiff filed his

---

[2] A Pacer search indicates that Plaintiff has initiated twenty eight Section 1983 actions.

initial action on September 22, 2006. In particular, Plaintiff alleges that Defendant Bullard told Plaintiff, and two other residents, Samuel Lane and Joseph Shaw, that they could not practice martial arts or yoga in the dorms despite the absence of an applicable FCCC policy. Complaint at 15, ¶20. Plaintiff also alleges a constitutional violation stemming from Defendants Davis, Branch, and MacNamara's refusal to allow Plaintiff to obtain his "karate Gi's" to perform in the Black History Show. Id. at 16, ¶21. Lastly, Plaintiff contends Defendants' wrongfully calculated his martial arts team's scores in a talent show held in July 2007. Id. at 18-20. These incidents, Plaintiff alleges, show that Defendants' are retaliating against him for filing prior § 1983 actions. Id. at 17.

Plaintiff is not permitted to have two identical Complaints pending with this Court. Accordingly, the Court will dismiss the above-captioned action as duplicative. To the extent Plaintiff wishes to supplement his September 22, 2006, action to include more recent incidents related to his martial arts practice, Plaintiff should file a motion to supplement the Complaint in the initial action pursuant to Federal Rule of Civil Procedure 15(d).[3] Plaintiff may also choose to initiate a new action related to the more recent events by filing a new Complaint containing **only** the

---

[3]However, Plaintiff's claims stemming from his wrongfully calculated talent show scores and participation or lack thereof in talent show competitions do not state a Section 1983 claim.

recent events. Alternatively, to the extent Plaintiff wishes to proceed in a separate § 1983 action on one of his several claims concerning his placement in confinement and restraints, Plaintiff must initiate a new § 1983 action including **only** those facts and Defendant(s) related to that particular claim. See also Fed. R. Civ. P. 8, 10.

ACCORDINGLY, it is hereby

**ORDERED:**

1. Plaintiff's motion to proceed in forma pauperis (Doc. #5) is **DENIED**.

2. Plaintiff's Complaint (Doc. #1) is **DISMISSED without prejudice**.

3. The Clerk of Court shall enter judgment accordingly, terminate any pending motions, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida, on this 8th day of November, 2007.

MARCIA MORALES HOWARD
UNITED STATES DISTRICT JUDGE

SA: alj
Copies: All Parties of Record